IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:25-CV-00609-M-RJ

| | | |
|---|---|---|
| TIMOTHY SAUNOOKE, | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| THE HOME DEPOT U.S.A. INC., | ) | |
| Defendant. | ) | |

This matter comes before the court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint [DE 16]. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr. issued a Memorandum and Recommendation ("M&R"), recommending that this court grant the motion to dismiss. DE 25. Plaintiff filed a timely objection to the M&R and Defendant filed a written response to the objection. DE 26, 27. The court then granted Plaintiff leave to file a reply brief; Plaintiff did so, but added a request for relief in contravention of Rule 7 of the Federal Rules of Civil Procedure. *See* DE 30. Defendant has moved for leave to respond to this request, which, as described below, the court denies as moot. *See* DE 31.

As set forth herein, the court finds Plaintiff's allegations, taken as true, fail to state plausible claims for relief. Therefore, the court overrules Plaintiff's objections, adopts the M&R, and grants Defendant's motion to dismiss.

## I. Background

No party objects to Judge Jones' recitation of the factual and procedural background of this case, and the court recounts it here. Saunooke alleges that he is a 59-year-old male and a member

of the Cherokee Nation. Am. Compl. [DE 15] ¶ 1. He suffers from permanent physical disability, including a serious leg injury requiring a metal brace and a visual impairment related to cataract surgery, which he alleges substantially limits one or more major life activities within the meaning of the ADA. *Id.* ¶ 2. Saunooke began working for Home Depot in good standing, and, following his first complaint to the Equal Employment Opportunity Commission ("EEOC") alleging discrimination and denial of accommodation, he was given a raise indicating strong performance and positive standing. *Id.* ¶ 4. Even so, within approximately 84 days of the EEOC's issuance of a right-to-sue letter, Home Depot terminated Saunooke's employment. *Id.*

On September 24, 2025, Saunooke filed a complaint against Home Depot alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq., ("Title VII"), the Age Discrimination in Employment Act, 29 U. S.C. § 621 , et seq., ("ADEA"), and the Americans with Disabilities Act, 42 U.S.C. § 12101 , et seq., ("ADA"). [DE 1]. Home Depot responded with its first motion to dismiss, [DE 8], and Saunooke then filed the operative Amended Complaint on October 30, 2025 [DE 15], again asserting claims under Title VII, the ADEA, and the ADA, and seeking recovery of lost wages, damages for emotional distress, reputational harm, and financial hardship, compensatory damages of $300,000, punitive damages of $900,000, and termination of the responsible managers involved in the retaliation. *Id.* ¶ 7.

Home Depot moves [DE 16] to dismiss the Amended Complaint, arguing that Saunooke has failed to state plausible claims for discrimination and retaliation under Title VII, the ADEA, and the ADA, and has also failed to exhaust administrative remedies for his ADA discrimination and failure-to-accommodate claims. Mot./Mem. [DE 17] at 4-27; Reply [DE 22]. Plaintiff counters that the amended complaint pleads facts sufficient to state plausible claims for retaliation

and failure to accommodate under the ADA and Title VII, and he administratively exhausted all claims with the EEOC. Resp. [DE 18].

This court referred Home Depot's motion to Judge Jones for a memorandum and recommendation (M&R). Text Ord., Nov. 24, 2025. In the M&R, Judge Jones recommends dismissal of all claims against Home Depot for Saunooke's failure to state plausible claims for relief. *See* DE 25. Specifically, Judge Jones found that Saunooke's allegations supporting his Title VII race, ADA, and ADEA discrimination claims are conclusory and, thus, insufficient; that Saunooke failed to exhaust required administrative remedies for his ADA accommodation claim; and that Saunooke's allegations underlying his retaliation claims fail to rise to the level necessary to plausibly allege causation. *See id.*

## II. Legal Standards

For dispositive matters, magistrate judges may be designated to conduct hearings (if appropriate) and submit to the district court proposed findings and recommendations for the disposition of such matters. 28 U.S.C. § 636(b)(1)(B). A magistrate judge's recommendation carries no presumptive weight. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations . . . and may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b).

The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Section 636(b)(1) "contemplates that a party's objection to a magistrate judge's report be specific and particularized." *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). Thus, "a party must object to the finding or recommendation on that issue with

sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *Id.* at 622. Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## III. Objections

Plaintiff contends that Judge Jones erred by (1) failing to consider all allegations and improperly restricting the scope of his EEOC charge for his ADA accommodation claim; (2) failing to consider all allegations in dismissing his ADA discrimination claim; (3) misapplying the law governing his retaliation claims; (4) improperly weighing evidence and failing to draw reasonable inferences; (5) placing undue weight on a statement made in his EEOC charge; and (6) failing to consider additional allegations demonstrating a pattern of discrimination and retaliation. DE 26. Defendant lodged no objections to the M&R, and responds that all of Plaintiff's objections should be overruled. DE 27.

Plaintiff requested leave to file a reply brief, arguing that "Defendant's response raises arguments and characterizations that were not previously addressed in the Memorandum and Recommendation ('M&R') and mischaracterizes the scope and specificity of Plaintiff's objections." DE 28. Plaintiff expressed his intent to "clarify the record" and mentioned nothing about possessing additional facts or seeking leave to amend his pleading. *See id.* However, in his subsequently filed "reply brief," Plaintiff contends that additional facts support his claims, invokes Rule 15 of the Federal Rules of Civil Procedure, and seeks leave to amend his pleading. DE 30. This, despite the fact that Judge Jones informed Plaintiff that he is not permitted to "amend a pleading through briefing." M&R, DE 25 at 12 (citing *MB. by & through D.B. v. Triangle Math & Sci. Acad. Bd. of Directors*, No. 5:24-CV-664-FL, 2025 WL 2100021, at *3 (E.D.N.C. July 25,

2025); *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) ("It is well-established that parties cannot amend their complaints through briefing or oral advocacy."). In fact, Rule 7(b)(1) of the Federal Rules of Civil Procedure requires that "[a] request for a court order must be made by motion." On this basis alone, the court may properly disregard the reply brief.

Even if the court were to construe the reply brief as a motion for leave to amend, the court would deny the motion on procedural grounds for failing to comply with Local Civil Rule 15.1(a) (with which the Plaintiff has demonstrated his familiarity (*see* DE 12)) and this court's practice procedure requiring that a "movant must confer with the opposing party regarding the relief requested and must note in the motion the movant's efforts to confer and the opposing party's position on the requested relief." REM Prac. Prefs. & Procs. I.A. Although Plaintiff's pro se status makes him "entitled to some deference," it does not relieve him of his duty to abide by the rules and orders of this court. *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989) (citation omitted).

Furthermore, in seeking leave to amend a second time, Plaintiff contends that his "amended complaint was drafted pro se without legal training and did not fully articulate" the facts underlying his claims. DE 30. However, the operative amended pleading was filed in direct response to the Defendant's first motion to dismiss, in which Defendant argued that Plaintiff failed to allege sufficient facts to state plausible claims. *See* Mot. to Dismiss, DE 9; Motion to Amend, DE 12 ("Plaintiff seeks to include additional factual allegations clarifying his age, Cherokee tribal membership, and permanent disability, which were referenced in prior EEOC filings and correspondence but not explicitly stated in the original complaint."). Courts may properly deny a motion to amend when a plaintiff was aware of all information on which his claims are based prior to filing the original complaint, but uses Rule 15 in a manner that turns the complaint into a

"moving target." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006); *see also Christopher v. Liu*, 861 F. App'x 675, 678 (7th Cir. 2021).

Accordingly, the court will not consider the improperly filed reply brief,[1] and Defendant's Motion for Leave to File Sur-Response is denied as moot.

## IV. Analysis

Here, the parties do not object to Judge Jones' application of the proper legal standard by which to evaluate the present motion. A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Megaro v. McCollum*, 66 F.4th 151, 157 (4th Cir. 2023) (quoting *Republican Party of N. Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). As a result, the court accepts the complaint's well-pled factual allegations as true, and construes them in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," the "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). And importantly, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Likewise, "[l]abels, conclusions, recitation of a claim's elements, and naked assertions devoid of further factual enhancement will not suffice." *ACA Fin. Guar. Corp. v. City of Buena Vista, Virginia*, 917 F.3d 206, 211 (4th Cir. 2019). Ultimately, when considering a motion to dismiss, the court must "draw

---

[1] Even if the court were to consider the brief, Plaintiff fails to explain how the additional factual allegations support his objections to, or contradict the findings in, the M&R.

on its judicial experience and common sense" to determine whether the complaint "states a plausible claim for relief." *Iqbal*, 556 U.S. at 679.

Plaintiff is proceeding pro se, and pleadings drafted by a pro se litigant are held to a less stringent standard than those drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court is charged with liberally construing a pleading filed by a pro se litigant to allow for the development of a potentially meritorious claim. *See id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Although the court liberally construes pro se complaints, the court need neither accept a complaint's legal conclusions drawn from the facts, *see Iqbal*, 556 U.S. at 679, nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quotation omitted).

**A. Title VII and ADEA Discrimination Claims**

Judge Jones recommends that the court grant Defendant's motion to dismiss Plaintiff's Title VII (race) and ADEA claims for failure to state plausible claims for relief. Plaintiff does not specifically object to these recommendations, but lodges general objections that might be intended as directed at the M&R's treatment of Plaintiff's discrimination claims. Defendant argues that these objections are not sufficiently specific to invoke de novo review and asks the court to apply the clear error standard.

First in Objection Four, Plaintiff argues generally that the M&R "[d]iscounts Plaintiff's allegations, [d]raws inferences in favor of Defendant, and [r]equires evidentiary specificity not required under Rule 8." DE 26 at 5-6. The court agrees with Defendant that this objection fails to contain the specificity required to invoke a de novo review of the M&R. Nevertheless, even under a de novo review, the court finds nothing in the M&R reflecting that Plaintiff's allegations have

been "discounted," any requirement for evidential proof, and/or any inferences drawn in favor of Defendant. Plaintiff's Objection Four is overruled.

Next in Objection Five, Plaintiff contends that the M&R "places undue weight on Plaintiff's statement [in his EEOC charge] that he was unsure whether his termination was based on age, race, or disability." DE 26 at 6. The court disagrees. In analyzing Defendant's theory that Plaintiff failed to exhaust administrative remedies for his ADA accommodation claim, the M&R simply recounts the "particulars" Plaintiff described to the EEOC in his charge of discrimination and mentions Plaintiff's statement—"he does not know if he was terminated due to his age, race, or disability"—in prefacing the main point that "the charge is devoid of any specific information related to Saunooke's disability or any requests for accommodation made to Home Depot that were refused." DE 25 at 8-9. Other than this single mention, the M&R does not reference or rely on Plaintiff's statement or the EEOC charge's contents. Plaintiff's Objection Five is overruled.

Finally, in Objection Six, Plaintiff asserts that he "alleged facts demonstrating a broader pattern of discriminatory and retaliatory conduct" and lists three allegations concerning an attempt to apply for a management-level position, being denied an interview, and reporting a "toxic work environment." DE 26 at 7. The court has reviewed the operative pleading and finds no such allegations contained therein. To the extent that Plaintiff seeks, through his objection, to make such allegations in support of his claim(s), Plaintiff had been already informed by Judge Jones that he "may not properly amend a pleading through briefing." DE 25 at 12. Plaintiff's Objection Six is overruled.

Upon careful review of the M&R and the record presented, and finding no error, the court ADOPTS Sections III(a) and (b) of the recommendation of the magistrate judge as its own. For the reasons stated therein, this court grants Defendant's motion to dismiss Plaintiff's Title VII race

and ADEA discrimination claims.

**B. ADA Failure to Accommodate Claim**

No party objects to the legal standards on which the M&R relies for analysis of Plaintiff's ADA claims, and this court recounts them here. The ADA prohibits a covered employer from discriminating "against a qualified individual with a disability because of the disability of such individual." 42 U.S.C. § 12112(a). "[A]n individual has a 'disability[,]' inter alia, if []he has 'a physical or mental impairment that substantially limits one or more [of his] major life activities[.]'" *Coon v. Rex Hosp., Inc.*, No. 5:20-CV-00652-M, 2021 WL 3620282, at *8 (E.D.N.C. Aug. 16, 2021) (quoting 42 U.S.C. § 12102(1)(A)). "[T]o properly allege a disability under the ADA, then, a plaintiff must allege: '(1) that he has a physical or mental impairment, (2) that this impairment implicates at least one major life activity, and (3) that the limitation is substantial.'" *Id.* (quoting *Wicomico Nursing Home v. Padilla*, 910 F.3d 739, 751 (4th Cir. 2018)). The elements of an ADA discrimination claim are "(1) that [plaintiff] has a disability, (2) that [he] is a 'qualified individual' for the employment in question, and (3) that [his employer] discharged h[im] (or took other adverse employment action) because of h[is] disability." *Jacobs v. NC Admin. Off of the Cts.*, 780 F.3d 562, 572 (4th Cir. 2015) (quoting *EEOC v. Stowe-Pharr Mills, Inc.*, 216 F.3d 373, 377 (4th Cir. 2000)). The elements of a failure to accommodate claim are "(1) that he was an individual who had a disability within the meaning of the statute; (2) that the employer had notice of his disability; (3) that with reasonable accommodation he could perform the essential functions of the position; and (4) that the employer refused to make such accommodation." *Coon*, 2021 WL 3620282, at *8 (quoting *Wirtes v. City of Newport News*, 996 F.3d 234, 238-39 (4th Cir. 2021)).

A plaintiff must exhaust administrative remedies by filing a charge of discrimination with the EEOC prior to bringing a claim under the ADA. *See Bostic v. Smithfield Foods, Inc.*, No. 7:21-

CV-00186-M, 2022 WL 22894429, at *2 (E.D.N.C. Nov. 4, 2022) (citing *Sydnor v. Fairfax Cnty., Va.*, 681 F.3d 591, 593 (4th Cir. 2012)). The allegations in the charge filed "generally limit the scope of any subsequent judicial complaint." *Id.* (quoting *Walton v. Harker*, 33 F.4th 165, 172 (4th Cir. 2022)). "This means that the factual allegations made before the court must correspond to those set forth in the EEOC filing," and "only the claims stated in the initial charge, those reasonably related thereto, and those 'developed by reasonable investigation' thereof 'may be maintained in a subsequent [ADA] lawsuit.'" *Id.* (quoting *Walton*, 33 F.4th at 172).

In Objection One, Plaintiff asserts that the M&R's conclusions regarding his ADA accommodation claim "rest[] on an unduly narrow reading of both Plaintiff's allegations and his EEOC charge." DE 26 at 2. With respect to Plaintiff's allegations, he lists those recounted in the M&R and contends that he "further alleged that [h]e was scheduled to work five consecutive days despite his physical limitations, and Defendant failed to accommodate his schedule in connection with his cataract surgery and related medical needs" and that such allegations altogether "plausibly establish" his failure to accommodate claim. *Id.* The court has reviewed the operative pleading and finds no such allegations contained therein. To the extent that Plaintiff seeks, through his objection, to make such allegations in support of his claim, Plaintiff had been already informed by Judge Jones that he "may not properly amend a pleading through briefing." DE 25 at 12. Plaintiff makes no other argument regarding the allegations of his claim and, thus, his objection is overruled.

Regarding Plaintiff's EEOC charge, he argues that his statement, "I believe that I was discriminated against because of . . . my disability in violation of the Americans with Disabilities Act of 1990 . . .," and his reference to his "disability" within the text are sufficiently broad to show his charge "reasonably relates" to the failure to accommodate claim alleged in the Amended

Complaint. DE 26 at 3. He contends that a "reasonable investigation" of the content of his charge "would necessarily include '[w]hether Plaintiff required accommodations, [w]hether such accommodations were requested, and [w]hether they were denied.'" *Id.* The court disagrees; courts in this circuit have repeatedly held that when a plaintiff alleges ADA claims in a lawsuit that describe different discriminatory conduct, such as a failure to accommodate, from that alleged in the EEOC charge, like wrongful termination, such claims "exceed the scope of [the] charge and would not have been developed by a reasonable investigation." *Thiessen v. Stewart-Haas Racing*, LLC, 311 F. Supp. 3d 739, 744 (M.D.N.C. 2018); *see also Tran v. Norvo Nordisk Pharm. Indus.*, No. 5:14-CV-254-FL, 2016 WL 1559137, at *11–12 (E.D.N.C. April 16, 2016) (rejecting attempt to expand ADA claim to include allegations of a failure to accommodate, which are beyond those stated in his EEOC charge alleging wrongful termination); *Harvey v. Burlington Coat Factory*, No. 1:13-CV-1107, 2015 WL 2238011, at *2 (M.D.N.C. May 12, 2015) (finding that EEOC charge alleging plaintiff had been terminated as a result of disability discrimination was not reasonably related to and did not exhaust plaintiff's administrative remedies for a failure-to-accommodate claim because "[n]owhere in the EEOC charge does [plaintiff] describe her medical conditions or mention that she required, requested, or was refused accommodation"); *Bennett v. Kaiser Permanente*, 931 F. Supp. 2d 697, 704 (D. Md. 2013) (finding failure to accommodate claim not reasonably related to EEOC charge of discriminatory discipline and discharge).

In this case, Plaintiff does not (and cannot) contend that he made any allegations concerning a request for and denial of accommodation(s) in his EEOC charge. Accordingly, Objection One is overruled, and the court grants Defendant's motion to dismiss Plaintiff's ADA failure to accommodate claim.

### C. ADA Discrimination Claim

As set forth above, the elements of an ADA discrimination claim are "(1) that [plaintiff] has a disability, (2) that [he] is a 'qualified individual' for the employment in question, and (3) that [his employer] discharged h[im] (or took other adverse employment action) because of h[is] disability." *Jacobs v. NC Admin. Off of the Cts.*, 780 F.3d 562, 572 (4th Cir. 2015) (quoting *EEOC v. Stowe-Pharr Mills, Inc.*, 216 F.3d 373, 377 (4th Cir. 2000)). In Objection Two, Plaintiff complains that the M&R failed to apply the proper pleading standard in concluding that "Plaintiff failed to plausibly allege that his termination occurred because of [his] disability." DE 26 at 3-4. He asserts that the following "facts, taken as true and viewed collectively, support a reasonable inference that disability was at least a motivating factor in Plaintiff's termination": "[o]ngoing physical and visual impairments, [e]mployer awareness of those impairments, [r]equests and complaints related to those conditions, and [t]ermination following those events." *Id.*

The court agrees that Plaintiff plausibly alleges he "has a disability." *See* Am. Compl. ¶ 2, DE 15. However, to demonstrate a plausible claim that he was discharged because of his disability, Plaintiff alleges in full:

> **4. Plaintiff began working for Defendant in good standing. Following his first EEOC complaint alleging discrimination and denial of accommodation, Plaintiff was given a raise—indicating strong performance and positive standing. However, within approximately 84 days of the EEOC's issuance of a Right-to-Sue letter, Defendant terminated Plaintiff's employment.**

Id. ¶ 4. The court finds these allegations insufficient to nudge Plaintiff's claim from "possible" disability discrimination to "plausible" disability discrimination. Nothing in these allegations allows the court to reasonably infer that Plaintiff's termination occurred "because of" his disabilities; in fact, one can reasonably infer from the allegations that Defendant recognized Plaintiff's strong performance and awarded Plaintiff a raise with knowledge that he suffered the

described disabilities and had complained about Defendant's alleged denial of an accommodation. Objection Two is overruled, and the court grants Defendant's motion to dismiss Plaintiff's ADA discrimination claim.

**D. Retaliation Claims**

While Plaintiff objects that the M&R "misapplied" the law governing retaliation claims, he does not object to the correctness of the law cited by Judge Jones. Retaliation for engaging in protected activity is prohibited under Title VII, the ADEA, and the ADA. *See* 42 U.S.C. § 2000e-3(a) (Title VII); 29 U.S.C. § 623(d) (ADEA); 42 U.S.C. § 12203(a) (ADA). To establish a prima facie case of retaliation under any of these statutes, "the employee must demonstrate: '(1) she engaged in a protected activity, (2) the employer acted adversely against her, and (3) there was a causal connection between the protected activity and the asserted adverse action.'" *Anderson v. DHHS/Cent. Reg'l Hosp.*, No. 5:24-CV-299-BO-KS, 2025 WL 510387, at *4 (E.D.N.C. Feb. 14, 2025) (quoting *Walton*, 33 F.4th at 177); *Futrell v. Blanton's Air, Plumbing & Elec., LLC*, No. 5:23-CV-739, 2024 WL 3852132, at *4 (E.D.N.C. Aug. 16, 2024). At the motion to dismiss stage, a plaintiff "must merely produce sufficient allegations, accepted as true, to state 'a claim to relief that is plausible on its face.'" *Johnson v. Baltimore City, Maryland*, 163 F.4th 808, 819 (4th Cir. 2026) (quoting *Iqbal*, 556 U.S. at 678).

"A plaintiff may demonstrate that a protected activity caused an adverse action through either one of two routes: (1) by establishing a temporal proximity between the protected activity and adverse action, or (2) by establishing that other relevant evidence indicates continuing retaliatory conduct and animus toward the plaintiff." *Id.* (cleaned up). In this case, Plaintiff contends that his allegations of both temporal proximity and other evidence of retaliatory conduct suffice to demonstrate plausible retaliation claims. This court disagrees.

First, Plaintiff alleges that he was awarded a raise after he filed an "EEOC complaint alleging discrimination and denial of accommodation." Am. Compl. ¶ 4. The court acknowledges that Defendant was, at some point, made aware of the EEOC charge, if not by Plaintiff, then certainly by the EEOC through its investigation of the charge. Next, Plaintiff alleges that "within approximately 84 days of the EEOC's issuance of a Right-to-Sue letter, Defendant terminated Plaintiff's employment." *Id.* Plaintiff argues that the temporal proximity between issuance of the letter and his termination is sufficient to raise an inference of retaliation. However, Plaintiff does not allege that Defendant was copied on the letter or that Defendant was, otherwise, notified of the letter, which is typically addressed by the EEOC to the claimant. In fact, Plaintiff filed a copy of the letter with his original Complaint, and it does not reference the Defendant at all. *See* DE 1-1.[2] As the Fourth Circuit instructs, temporal proximity requires the relevant decisionmaker to have been "actually aware of the protected activity before making their decision." *Johnson*, 163 F.4th at 820 (quoting *Barnhill v. Bondi*, 138 F.4th 123, 132 (4th Cir. 2025)).

Even if this court were to assume, as did the M&R, that Defendant was made aware of the right-to-sue letter, such letter itself is not "protected activity" by the Plaintiff; his activity occurred when he filed the charge with the EEOC and participated in its investigation, to the extent he was asked to do so. Of course, if Plaintiff had, in the intervening period, filed a lawsuit as authorized by the letter, then that, too, is protected activity under the law, but Plaintiff does not allege that he did so. The issuance and receipt of a right-to-sue letter is not protected activity for purposes of a retaliation claim. *See Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (acknowledging a plaintiff's "utterly implausible suggestion that the *EEOC*'s issuance of a right-to-sue letter—an

[2] Although Plaintiff's Amended Complaint superseded the original pleading, the court may consider exhibits attached to the original Complaint in light of Plaintiff's pro se status. *See Holley v. Combs*, 134 F.4th 142, 144 (4th Cir. 2025).

action in which the employee takes no part—is a protected activity of the employee") (emphasis in original).

In *Breeden*, the Supreme Court addressed a plaintiff's theory similar to that posited here and not only questioned whether the decisionmaker had known about the right-to-sue letter, but also noted that, if she had, the decisionmaker would have known about the actual protected activity—"filing of the EEOC complaint"—that occurred "almost two years earlier," and that such lengthy period was not, itself, sufficient evidence of causality for the retaliation claim. *See id.* at 273-74 (citing cases finding three- and four-month periods insufficient).

Here, apparently in response to the M&R's finding that "the gap between the protected activity and the adverse employment action can generally be no longer than two months" (DE 25 at 11 (quoting *Barnhill*, 138 F.4th at 132)), Plaintiff cites another Fourth Circuit opinion for the proposition that "a lapse of two to three months may support a causal connection, particularly when accompanied by other indicia of retaliation." DE 26 at 4 (citing *King v. Rumsfeld*, 328 F.3d 145, 151 n.5 (4th Cir. 2003) and *Foster v. Univ. of Md.-E. Shore*, 787 F.3d 243, 253 (4th Cir. 2015)). First, the court finds these decisions are not in tension with each other, as the court in *Barnhill* recognized that a two-month period is typically insufficient "without other evidence of causation." 138 F.4th at 132. Second, the allegations in this case do not include the date Plaintiff filed his EEOC complaint or engaged in any "protected activity," other than filing the EEOC charge. As the Supreme Court recognized, receiving a right-to-sue letter commonly occurs after the EEOC's investigation, which can take several months (or, even, years) after the filing of an EEOC charge. *See Breeden*, 532 U.S. at 273. Plaintiff's allegations are insufficient to allow this court to infer that the timing between his protected activity and his termination demonstrates unlawful retaliation.

Plaintiff, however, contends that his allegations demonstrate more than just temporal proximity. He asserts that he "alleged additional facts supporting retaliatory motive": (1) "received a raise shortly before termination"; (2) the "close" sequence of events, including his "[m]edical issues, [r]equests for accommodation, and [t]ermination"; and (3) "Defendant was aware of his protected activity." DE 26 at 5. First, while the court understands Plaintiff's argument that the pay raise can serve to demonstrate he was not, and could not have been, terminated for poor performance (*see id.*), such pay raise also might serve to undermine any argument that Defendant was motivated by Plaintiff's EEOC complaint to take *adverse* action against him, given Defendant's apparent knowledge of the EEOC complaint at the time it awarded Plaintiff's raise. *See* M&R, DE 25 at 11-12 (the fact that Plaintiff "received a raise following the filing of his EEOC charge … does not support an inference of retaliation").

Furthermore, as already stated, Plaintiff's allegations are insufficient to demonstrate a "close" sequence of events, even if Plaintiff's allegations are construed to reflect that Defendant was aware of Plaintiff's medical issues and requests for accommodations. The court overrules Plaintiff's Objection Three and grants Defendant's motion to dismiss Plaintiff's retaliation claims.

## V. Conclusion

In sum, Plaintiff's allegations set forth in the Amended Complaint are insufficient to state plausible claims under Title VII, the ADEA, and the ADA, and his knowing repeated attempt to amend his pleading through his briefs is improper.

Accordingly, as set forth herein, the court overrules Plaintiff's objections, adopts the recommendation, and GRANTS Defendant's motion to dismiss all claims [DE 16]. Further, Defendant's Motion for Leave to File Sur-Response [DE 31] is DENIED AS MOOT.

The Clerk of Court is directed to close this case.

SO ORDERED this 17th day of August, 2026.

Richard E Myers II

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE